**Rita CHECHE, Plaintiff,**

v.

**WITTSTAT TITLE & ESCROW COMPANY, LLC, Wachovia Bank National Association, and Specialized Loan Servicing, LLC, Defendants.**

**Civil Action No. 2:09cv577.**

United States District Court,
E.D. Virginia,
Norfolk Division.

July 6, 2010.

Tanya Bullock, Esq., for Plaintiff.

Kevin R. Hildebeidel, Esq., for Wittstat Title.

Hunter W. Sims, Jr., Esq. and John B. Reaves, Esq., for Wachovia Bank National Assoc. and Specialized Loan Servicing, LLC.

### OPINION AND ORDER

MARK S. DAVIS, District Judge.

This matter is before the Court on Defendant Wachovia Bank National Association's ("Wachovia") and Defendant Specialized Loan Servicing, LLC's ("SLS") (collectively "Defendants") separately filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (Docket Nos. 5, 7, 9 & 10.) The parties have briefed the issues and the matters are now ripe for decision. For the reasons set forth below, the Court **GRANTS** Defendant SLS's Motion to Dismiss. The Court further **GRANTS** Defendant Wachovia's Motion to Dismiss and **PROVIDES** Plaintiff with leave to amend her Complaint to cure all defects by July 23, 2010. Failure to cure all defects by the prescribed date will result in dismissal of Plaintiff's Com-

---

1. Defendants Wachovia and SLS each filed their own Motion to Dismiss in this matter. Although filed separately, Defendants' motions present identical arguments urging dismissal of Plaintiff's Complaint. Wachovia also expressly incorporates the arguments made by SLS into its motion. Accordingly, while the Court has been careful to consider the parties' submissions independently, the Court addresses the motions together in one opinion.

plaint against Wachovia for the reasons provided herein.

## I. BACKGROUND [2]

On November 21, 2006, Plaintiff Rita Cheche ("Cheche" or "Plaintiff") entered .into a "refinance credit transaction" with People's Choice Home Loans, Inc. ("People's Choice").[3] (Compl. ¶ 8.) Under the terms of the agreement, People's Choice provided a loan to Plaintiff. (Compl. ¶ 8.) The refinance credit transaction was evidenced by a note and secured by a deed of trust, both of which were signed by Plaintiff. (Compl. ¶ 8.) The deed of trust served as a lien on Plaintiff's home. (Compl. ¶ 8.)

Cheche now asserts that under the disclosure requirements of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA" or "the Act"), People's Choice was obligated to provide her with two copies of a document entitled "Notice of Right To Cancel" as part of the refinance credit transaction. (Compl. ¶ 10.) Plaintiff further alleges in her Complaint that People's Choice failed to provide her with these required disclosure documents. (Compl. ¶ 11.) As a result, Plaintiff created her own "Notice of Right to Cancel" and, intending to cancel the credit transaction, forwarded a copy to People's Choice on November 22, 2006. (Compl. ¶ 12.) The loan was never canceled, and, sometime thereafter, People's Choice filed for bankruptcy. (Compl. ¶ 9.) Defendant Wachovia subsequently became the assignee and owner of the note secured by the deed of trust. (Compl. ¶ 9.)

Defendant SLS is the servicer and attorney for Wachovia. (Compl. ¶ 5.)

On October 12, 2009, Wittstat Title & Escrow Company, LLC ("Wittstat"),[4] the substitute trustee, notified Plaintiff that a foreclosure action had been initiated against her home and that a public auction had been scheduled for October 27, 2009. (Compl. SI 16.) On October 24, 2009, Cheche sent Defendants and Wittstat a second notice rescinding the refinance credit transaction. (Compl. ¶ 17.) Defendants and Wittstat received Plaintiff's notice but did not rescind the transaction. (Compl. ¶¶ 18–19.)

On November 20, 2009, Plaintiff filed the instant lawsuit against Wachovia, SLS, and Wittstat, seeking "statutory and enhanced damages" for their violations of the TILA's disclosure requirement. (Compl. St 23.) Plaintiff also seeks a declaratory judgment that she validly rescinded the refinance credit transaction and that she may tender any amount due upon rescission from any statutory and enhanced damages awarded. (Compl. ¶ 25.)

Soon thereafter, Defendants SLS and Wachovia separately filed the instant motions to dismiss. (Docket Nos. 5, 7, 9 & 10.) Plaintiff responded to both motions and Defendant Wachovia replied. (Docket Nos. 12, 14, & 15.) The Court dispensed with oral argument because the facts and legal contentions were adequately presented and oral argument would not aid the decisional process. Fed R. Civ. P. 78.

---

2. The facts recited here are drawn from the allegations set forth in the Complaint and are assumed for the purpose of deciding the motion currently before the Court. However, the facts recited here are not factual findings for any purpose other than consideration of the instant motion.

3. In her response to Defendant Wachovia's Motion to Dismiss, Plaintiff notes that "Mort-

gage Lenders Network, USA was the previous lender that People's Choice paid off in order to extend credit to the plaintiff." (Pl.'s Resp. to Wachovia's Mot. to Dismiss at 4.)

4. Although Wittstat is also a defendant in Plaintiff's action, Wittstat has not filed a motion to dismiss.

E.D. Va. Local Rule 7(J). Accordingly, the matter is now ripe for decision.

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of an action when a plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A court considering a motion to dismiss filed pursuant to Rule 12(b)(6) must assess the legal sufficiency of the allegations in the plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir.2009). Whether a plaintiff's complaint pleads facts sufficient to withstand dismissal is evaluated by measuring the written allegations against the pleading standards set forth in Federal Rule of Civil Procedure 8. *Id.* Rule 8 "requires a showing of entitlement to relief" that is "justified by both law and fact." *Id.* While Rule 8 does not demand "detailed factual allegations," a plaintiff must do more than plead mere "labels and conclusions" or offer a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Significantly, when examining a plaintiff's complaint at the motion to dismiss phase, a court must view the allegations in the light most favorable to the plaintiff. *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir.2000). The court must also take all factual allegations as true and draw any reasonable inferences in the plaintiff's favor. *Id.* However, pleadings that are "no more than conclusions . . . are not entitled to the assumption of truth." *Iqbal,* 129 S.Ct. at 1950. In the end, plaintiffs must make factual allegations that "nudge their claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955. Accordingly, a court should only grant a defendant's motion to dismiss if the complaint fails to contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Iqbal,* 129 S.Ct. at 1950 (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955).

## III. DISCUSSION

Defendants move for dismissal of Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants present four grounds for dismissal. First, Defendants contend that they are not "creditors" within the meaning of the TILA such that they can be held accountable for the failure to notify Plaintiff of her right to rescind the credit transaction. Second, Defendants argue that Plaintiff's action must fail because the Act explicitly exempts refinance credit transactions, such as the one alleged in the Complaint, from the requirement that creditors provide debtors with notice of the debtor's right to rescind. Third, Defendants claim that Plaintiff has failed to allege that she is able to tender full payment of the loan proceeds in the event that rescission of the refinance credit transaction is permitted. Fourth, and finally, Defendants assert that Plaintiff has failed to make a necessary election of remedies, choosing instead to request relief in the form of both rescission of the loan *and* damages. The Court addresses each of Defendants' arguments for dismissal below, beginning first with the question of whether Defendants' can be liable as "creditors" for a failure to notify Plaintiff of her right to rescind.

### A. Defendants are not "Creditors"

Defendants first argue that Plaintiff fails to state a claim upon which relief can be granted because, contrary to the allegations contained in the Complaint, they are not "creditors" within the meaning of the TILA and thus cannot be held liable as

"creditors" for failing to provide notice of the right to rescind. In response, Plaintiff concedes that Defendant SLS is only a servicer of the loan and cannot be held accountable under the Act as a creditor because SLS is, in fact, not a creditor. With respect to Defendant Wachovia, Plaintiff states that Wachovia, although also not a creditor within the meaning of TILA, may be liable nevertheless under another provision of the Act, namely as an assignee. Resolving Defendants' motions appropriately begins by examining the relevant statutory language and applicable precedent.

■ Congress passed the TILA to protect prospective borrowers from falling victim to confusing, and at times even fraudulent, disclosure practices that failed to adequately inform credit consumers about the terms of the loans being offered. *Mourning v. Family Publ'ns Serv., Inc.*, 411 U.S. 356, 363, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973). In an effort to ensure that consumers could compare terms offered by competing lenders, and also to protect consumers from assuming liabilities that they could not meet, the TILA requires creditors to disclose certain information about the terms of the loans they are offering. *Id.*; *see also* 15 U.S.C. § 1601(a); *Cetto v. LaSalle Bank Nat'l Ass'n*, 518 F.3d 263, 265 fn. 1 (4th Cir. 2008). Among these disclosure obligations, the Act mandates that, in cases where a loan is secured using the debtor's primary residence, the creditor must notify the debtor of his statutory right to rescind the loan agreement. 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(b)(1).

More specifically, the TILA provides that "the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms ... whichever is later." 15 U.S.C. § 1635(a). The Act further states that "[t]he creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section." *Id.* If a creditor fails to comply with the notification requirement contained in the TILA, the statute extends the debtors's right to rescind from three days to three years. *See* 15 U.S.C. § 1635(f) (providing that "an obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale ·of the property"); 12 C.F.R. § 226.23(a)(3); *Benjamin v. Nationwide Lending Corp.*, No. AW–08–2511, 2010 WL 610768, *2 (D.Md. Feb. 16, 2010). In addition, if such non-disclosure occurs, the borrower may seek civil damages against the creditor. 15 U.S.C. §§ 1635(g), 1640(a).

■ Significantly, because the statute expressly provides that "[t]he *creditor* shall ... disclose ... to any obligor ... the rights of the obligor under this section," the provision requiring disclosure of the right to rescind generally applies only to "creditors." 15 U.S.C. § 1635(a) (emphasis added). Under the TILA the term "creditor" is defined as follows:

> The term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales or property or services, or otherwise, consumer ·credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there . is no such evidence of indebtedness, by agreement.

15 U.S.C. § 1602(f); *see also* 12 C.F.R. § 226.2(a)(17)(i). The Fourth Circuit

Court of Appeals has held that this statutory definition of the term "creditor" is "restrictive and precise, referring only to a person who satisfies *both* requirements." *Cetto,* 518 F.3d at 270 (emphasis added). Consequently, to adequately allege that a defendant is liable as a "creditor" for failing to provide notice of a borrower's right to rescind under TILA, a plaintiff must allege facts demonstrating that the defendant satisfies both prongs of the statutory definition of the term "creditor."

In the instant action, Plaintiff's Complaint alleges that "[a]ll the violations of TILA averred herein apply to SLS and Wachovia *as creditors*," though the Complaint earlier recognizes that Wachovia became an "assignee." (Compl. ¶¶ 9, 15.) (emphasis added). However, Plaintiff provides no basis to support the conclusion that Defendants are "creditors" within the meaning of the Act. Indeed, Defendants now argue that they are not "creditors" within the meaning of TILA because they do not satisfy the two-pronged statutory definition. Therefore, Defendants contend, they cannot be held liable for failing to notify Plaintiff of her right to rescind. Specifically, Defendants argue that neither of them constitutes "the person to whom the debt arising from the consumer credit transaction is initially payable." 15 U.S.C. 1602(f). Instead, Defendants assert that the Complaint makes clear that People's Choice is the original lender and therefore properly considered the "creditor" in the credit transaction.

■ Plaintiff concedes that Defendants do not satisfy both prongs of the statutory definition of the term "creditor." The Court similarly finds that Defendants cannot be "creditors," as the term is used in the TILA, because there are no factual allegations to support the conclusion that they satisfy the statutory definition of the term. Accordingly, the Court also finds that Defendants cannot be held accountable as "creditors" for failing to notify Plaintiff about the right to rescind and that, as a result, Plaintiff has failed to state a claim upon which relief can be granted. Consequently, to the extent that Plaintiff alleges Defendants are "creditors" for TILA purposes, dismissal of Plaintiff's Complaint is warranted as plead.

■ Nevertheless, Plaintiff argues that, with respect to Defendant Wachovia, liability can still exist under another provision of the TILA if a party is an "assignee." Indeed, § 1641(a) provides:

[A]ny civil action for a violation [of the TILA] which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary.

15 U.S.C. § 1641(a). As written, however, the Plaintiff's Complaint makes no allegations that Wachovia is liable as an assignee for the failure to disclose the right to rescind. While Plaintiff does mention Wachovia's status as an assignee in passing, she fails to offer any factual allegations supporting a claim of assignee liability, namely that any alleged violation of the TILA was apparent on the face of the disclosure statement or that the loan was involuntarily assigned. The Court therefore provides Plaintiff leave to amend her Complaint against Wachovia in order to adequately state a claim under the alternative theory that Wachovia is liable as an assignee.

Finally, Plaintiff does not suggest that any amendment can be made to the Complaint to adequately present a claim against Defendant SLS. In fact, Plaintiff concedes that SLS could not even be liable as a "servicer" because SLS was not a holder of the obligation. *See* 15 U.S.C. § 1641(f)(1) (stating that a "servicer of a

consumer obligation arising from a consumer credit transaction" is not liable as an assignee of such obligation "unless the servicer is or was the owner of the obligation"). The Court is similarly unable to conceive of any plausible ground for liability for non-disclosure as to SLS. Therefore, because granting Plaintiff leave to amend the Complaint against SLS would be futile, the Court need not grant Plaintiff an opportunity to amend her Complaint against SLS. *See Ostrzenski v. Seigel,* 177 F.3d 245, 252–53 (4th Cir.1999) (finding that after dismissal "the court normally will give plaintiff leave to file an amended complaint" and that such "[a]mendment should be refused only if it appears to a certainty that plaintiff cannot state a claim").

For the reasons outlined above, the Court finds that Plaintiff has failed to state a claim against Defendants Wachovia and SLS. Defendant SLS's Motion to Dismiss is therefore granted. Because Plaintiff may be able to amend her Complaint against Wachovia to sufficiently present an alternative theory of liability for non-disclosure, the Court provides Plaintiff with an opportunity to amend her Complaint.

### B. "Refinance" Credit Transactions are Exempt

■ Defendants next argue that Plaintiff's action must be dismissed because the Complaint alleges that the loan at issue is a "refinance credit transaction," which is exempt from the TILA's mandate requiring disclosure of the right to rescind. Indeed, under both the Act and the federal regulation implementing TILA (Regulation Z), refinancing transactions are exempt from the right to rescission. 15 U.S.C. § 1635(e); 12 C.F.R. § 226.23(f). This exemption is grounded in the rationale that "although general consumer borrowers need a 'cooling off' period to reconsider encumbering the title to their homes, a borrower who refinances has already had the time to rethink with respect to the old

money." *In re Porter,* 961 F.2d 1066, 1074 (3d Cir.1992).

Plaintiff concedes that refinancing transactions are exempt from the requirement that creditors provide borrowers with notice of their right to rescind. However, Plaintiff asserts that although the Complaint describes the loan as a "refinance credit transaction," the agreement is not actually a refinancing within the meaning of TILA. Plaintiff argues that a refinancing transaction is one that involves the original creditor and original borrower. Plaintiff contends that neither People's Choice nor Wachovia had previously extended credit to Plaintiff that was secured by Plaintiff's residence. Accordingly, Plaintiff requests leave to amend her Complaint to more accurately describe the credit transaction at issue in the instant action.

Regulation Z describes a refinance credit transaction as a "refinancing or consolidation by the same creditor of an extension of credit already secured by the consumer's principal dwelling." 12 C.F.R. § 226.23(f). If, in fact, the credit transaction at issue in the instant action did not result from a refinancing or consolidation by a lender who had previously extended credit to Plaintiff, and which was secured by Plaintiff's residence, then the transaction cannot constitute a refinancing agreement within the meaning of the TILA. Under such circumstances, the credit transaction would not be exempt from the disclosure requirements set forth in 15 U.S.C. § 1635(a). Plaintiff claims in her brief that Mortgage Lenders Network, USA previously extended credit to the Plaintiff, and that People's Choice later extended additional credit to the Plaintiff. If true, the loan agreement offered by People's Choice would not be a refinancing offered by the "same creditor," and

would therefore be subject to the notice of rescission requirement.

Accordingly, because Plaintiff conceded that she has improperly described this transaction as a refinance credit transaction, the Court will provide Plaintiff with an opportunity to amend her Complaint to cure the defect and properly describe the credit transaction at issue in the instant action.

## C. Ability to Tender Full Payment

■ Defendants next argue for dismissal on the ground that Plaintiff has failed to adequately allege that she is capable of tendering the loan proceeds in the event that she is permitted to rescind the credit transaction. In support of the position that Plaintiff has insufficiently plead an ability to tender, Defendants point to the following allegation contained in the Plaintiff's Complaint:

> On information and belief, the plaintiff avers that if the Court adjudicates that she validly rescinded the credit transaction, she might be able to obtain funds to tender the remaining amount due by the plaintiff to the creditor as to the credit transaction after credit for all payment made and for the statutory and enhanced damages to which the plaintiff is entitled from the creditor violation of TILA.

(Compl. ¶ 20.) In short, Defendants argue that Plaintiff effectively admits she cannot tender the loan proceeds necessary for rescission because she merely alleges that she "might be able" to tender such funds.

■ Indeed, if a plaintiff seeking rescission is "unable to tender the loan proceeds, the remedy of unconditional rescission [i]s inappropriate." *Am. Mortgage Network, Inc. v. Shelton,* 486 F.3d 815, 821 (4th Cir.2007). Accordingly, to adequately state a claim for rescission, a Plaintiff must provide sufficient factual allegations demonstrating a "plausible" ability to tender. *See Iqbal,* 129 S.Ct. at 1950 (requir-

ing plaintiff "to state a claim to relief that is plausible on its face" in order to survive a motion to dismiss). Both parties cite *Moore v. Wells Fargo Bank,* in which this Court addressed a similar question, to support their respective positions on dismissal. 597 F.Supp.2d 612 (E.D.Va.2009). In *Moore,* the Court explained that there is no authority requiring a plaintiff to conclusively establish the ability to tender payment in the Complaint. *Id.* at 616. The Court held that dismissal was inappropriate because the plaintiff had sufficiently alleged the ability to tender by claiming she "can and will tender the loan proceeds" by either (1) refinancing her home or (2) selling her home and using the proceeds for tender. *Id.* at 616. The Court noted that "Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* (quoting *Twombly,* 127 S.Ct. at 1965) (internal quotations omitted) (alteration in original). For those reasons, the Court concluded that "although Plaintiff's proven inability to tender would unquestionably give this Court authority to exercise its discretion to deny rescission even if rescission was otherwise appropriate, such facts are not yet in evidence." *Id.* at 617;

In the instant action, Plaintiff alleges that she "might be able" to tender loan proceeds after receiving credit for all payments previously made and any damages resulting from the alleged violation of the TILA. Additionally, Plaintiff states that, as a last resort, she could also file a partition suit to have her home sold, and subsequently use the proceeds to tender as part of rescission. While these factual allegations must be accepted as true at the motion to dismiss stage, the allegations do not suggest more than that it is "conceivable" Plaintiff will be able to tender if rescission is permitted. Because Plaintiff has alleged only that she "might be able

to" tender payment of the loan proceeds upon rescission rather than that she "can and will" tender, the Court is unable to conclude, even while viewing the facts in the light most favorable to the Plaintiff, that Plaintiff has "nudge[d] [her] claim [ ] across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955.

Accordingly, because Plaintiff has failed to offer factual assertions demonstrating that tender is plausible, the Court finds that Plaintiff has failed to sufficiently allege an ability to tender the loan proceeds. The Court therefore provides Plaintiff with leave to amend the Complaint to cure the defect.

### D. Election of Remedies Not Necessary

■ Defendants' lastly contend that Plaintiff's Complaint must be dismissed because Plaintiff has failed to make a necessary election of remedies inasmuch as she alleged a right to rescind the transaction *and* a claim for damages arising from the non-disclosure violation. Defendants' argument must fail as courts have generally held that plaintiffs need not elect between the right to rescind under 15 U.S.C. § 1635 and the right to seek civil damages under 15 U.S.C. § 1640. *White v. Arlen Realty & Development Corp.,* 540 F.2d 645, 651 (4th Cir.1975); *Sellers v. Wollman,* 510 F.2d 119, 123 (5th Cir.1975); *Eby v. Reb Realty, Inc.,* 495 F.2d 646 (9th Cir.1974).

As the Fourth Circuit noted in *White,* because the TILA explicitly makes both rescission and civil damages available to plaintiffs, it is easy to discern legislative intent to permit both remedies in the same case. Moreover, requiring an election of remedies would "undercut the effectiveness of [the TILA] without furthering other policies." *Sellers,* 510 F.2d at 123. Quoting one commentator on the issue, the Fifth Circuit further explained that:

The purpose of making creditors civilly liable is to force disclosure of credit terms. The purpose of according borrowers a right of rescission is broader; not only is it designed to compel disclosure, but it also serves to blunt unscrupulous sales tactics by giving homeowners a means to unburden themselves of security interests exacted by such tactics. If borrowers were forced to choose their "remedies," both objectives might be undermined. To the extent that only civil liability is pursued, the sanction against unscrupulous home sales practices is weakened. To the extent that only rescission is chosen-where available-the penalty attendant upon nondisclosure will be less severe and, consequently, the incentive to disclose diminished.

*Id.* (quoting Comment, *Private Remedies Under the Truth–in–Lending Act: The Relationship Between Rescission and Civil Liability,* 57 Iowa L.Rev. 199, 205–07 (1971) (internal citations omitted)).

Defendants cite *Winant v. Bostic,* 5 F.3d 767 (4th Cir.1993), in an effort to support their position that Plaintiff must, in her Complaint, elect between rescission and civil damages in order to survive dismissal. However, *Bostic* does not address the question of whether a plaintiff must make such an election of remedies when bringing a claim under the TILA. Rather, the *Bostic* court merely interpreted a North Carolina statute that provides for the trebling of damages following final judgment in a fraud case. *Id.* at 775–77. The court found that, in the context of a fraud case, "damage is the value of the loss caused by the tortious conduct, and it is measured by the difference between what was received and what was promised by the false representation." *Id.* at 776. The court went on to note that the "remedy of rescission ... does not include a notion of damages" and that "because rescission is a remedy alter-

native to and inconsistent with damages the law requires the plaintiff to make an election" *Id.* (internal citations omitted). The court concluded that because the plaintiffs had elected rescission rather than damages, trebling was inappropriate. *Id.*

Because the *Bostic* opinion in no way addresses the question whether a TILA plaintiff must make an election of remedies, the Court finds it inapplicable to the instant motion. As discussed above, several courts, including the Fourth Circuit, have held that Congress intended for plaintiffs to be able to avail themselves of both the remedy of rescission and civil damages when alleging violations of the Act's disclosure requirements.

Accordingly, Defendants' claim, that Plaintiff's Complaint must be dismissed because Plaintiff has failed to make a necessary election between rescission and civil damages, must fail.

## IV. CONCLUSION

For the reasons above, the Court **GRANTS** Defendant SLS's Motion to Dismiss.

The Court further **GRANTS** Defendant Wachovia's Motion to Dismiss and **PROVIDES** Plaintiff with leave to amend the Complaint against Wachovia to cure all defects by July 23, 2010. If Plaintiff fails to adequately amend the Complaint by the date prescribed, the action against Wachovia will be dismissed.

The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**